IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRA CAPITAL ASSOCIATES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 04-431 |
| | ) | |
| MARY PAT LANGER, t/d/b/a | ) | |
| MONROEVILLE ACADEMY, | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that default judgment be entered in favor of the

plaintiff and against the defendant as follows:

> 1. Defendant Mary Pat Langer, t/d/b/a Monroeville Academy, is ordered to pay
> the plaintiff the sum of $633,679.78 in damages.

II. Report:

On March 19, 2004, plaintiff Terra Capital Associates filed a complaint for breach

of contract against the defendant, Mary Pat Langer, t/d/b/a Monroeville Academy.  The Court's

jurisdiction is invoked pursuant to 28 U.S.C. § 1332.

The plaintiff alleges in the complaint that on June 25, 2002, it entered into a

written lease with the defendant, under which the defendant leased premises at 3000 Tech Center

Drive, Monroeville, PA for a term from August 1, 2002 through August 1, 2007; that pursuant to

the lease, the defendant was obligated to pay a monthly base rent, real estate taxes on the

premises, and for water usage; that the defendant breached the lease by failing to make all the

requisite payments and by vacating the premises prior to termination of the lease; and that as a

result of the defendant's breach of the lease, the plaintiff has sustained damages of at least

$629,340.28, plus interest and costs.

On July 2, 2004, the defendant, by her counsel, filed an answer to the complaint,

asserting that defendant Langer does not trade and do business as Monroeville Academy, as

Monroeville Academy is a fictitious name owned by Monroeville Academy Corporation, and Ms.

Langer has no personal liability for the lease, as she is not named as a defendant in her individual

capacity.  On February 10, 2005, defendant's counsel moved for leave to withdraw his

appearance on grounds that the defendant failed to comply with his requests and the Court's

Order to provide information to reply to the plaintiff's discovery requests, and the defendant

failed to satisfy outstanding invoices for legal services (Document No. 9).  On February 14, 2005,

the Court granted defense counsel's motion to withdraw his appearance on behalf of the

defendant and directed: "Counsel to advise client that she must comply with all previously

imposed [discovery] deadlines" (Document No. 9).

On August 16, 2005, the plaintiff moved for sanctions due to the defendant's

failure to participate in discovery (Document No. 13).  On August 18, 2005, the Court dismissed

without prejudice the plaintiff's motion for sanctions, directing that the matter would be

discussed at a hearing scheduled for September 20, 2005 (Document No. 15).

The defendant failed to attend the hearing set for September 20, 2005.  As a result,

the Court granted the plaintiff's motion for sanctions and directed it to move for default and

default judgment (Document Nos. 17-18).  Thereafter, the plaintiff engaged the services of a

process server in Arizona to locate the defendant; and as set forth in an affidavit filed with the

Court on October 25, 2005, relevant documents -- including a request for production of

documents -- were served on the defendant on October 14, 2005 at 42008 N. 44th Drive, Anthem, AZ 85086 (Document No. 21).

On November 29, 2005, the Court scheduled a status conference in this matter for December 13, 2005, and the defendant was notified of the conference by both first class and certified mail (Document No. 22). The defendant continued to resist the Court's Orders and the plaintiff's requests to provide responses to its discovery requests. Thus, on December 12, 2005, the plaintiff filed a second motion for sanctions for failure to participate in discovery (Document No. 23).

The defendant failed to attend the status conference set for December 13, 2005. Thus, in an Order dated December 13, 2005, the Court granted the plaintiff's second motion for sanctions and directed as follows: "Defendant to appear on January 9, 2006 at 9:30 a.m. and show cause why judgment by default should not be entered in favor of the Plaintiff and against the Defendant in the amount of $629,340.28, plus interest and costs", which was the amount of damages specified in the complaint (the "Show Cause Order") (Document No. 25).

The defendant was notified of the Court's Show Cause Order by both first class and certified mail at the above-mentioned address in Arizona. Nonetheless, neither the defendant, not anyone on her behalf, attended the show cause hearing set for January 9, 2006.

In support of default judgment, counsel for the plaintiff has submitted the affidavit of Michelle Ahrens, who is one of five partners in plaintiff Terra Capital Associates (Document No. 29). Ms Ahrens avers in her affidavit that her duties with Terra Capital Associates included the supervision of all tenants at the facility, including Mary Pat Langer, and as a result, she personally interacted with Langer during the period of June 2002 until the time Langer vacated

the premises.  Ms. Ahrens also avers in her affidavit that after reviewing the plaintiff's business records, as well as its complaint in this matter, she accurately calculated that the defendant owes damages of $633,679.78 to the plaintiff as follows:

> (a) unpaid base rent in the amount of $521,134.64;
>
> (b) unpaid pro rata share of taxes in the amount of $32,148;
>
> (c) unpaid water bills totaling $1,352.44;
>
> (d) bank charges in the amount of $245.00
>
> (e) late charges totaling $4,460;
>
> (f) costs relating to the failure to return the premises as
>     the defendant found them in the amount of $70,000; and
>
> (g) legal fees in the amount of $4,339.50.

Michelle Ahrens explains in her affidavit that the amount of damages which the defendant owes the plaintiff differs from the damages specified in the complaint due to counsel fees expended.

The defendant has not denied, nor challenged the plaintiff's aforesaid damages. In addition, the defendant has failed to show why default judgment should not be entered in favor of the plaintiff.

Therefore, it is recommended that default judgment be entered in favor of the plaintiff and against the defendant as follows:

> 1. Defendant Mary Pat Langer, t/d/b/a Monroeville Academy, is ordered to pay the plaintiff the sum of $633,679.78 in damages.

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall

have seven (7) days from the date of service of objections to respond thereto.  Failure to file

timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ROBERT C. MITCHELL
United States Magistrate Judge

Dated: January 20, 2006